IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Johnny I. McClain, III,<br><br>               Petitioner,<br><br>v.<br><br>Warden Ridgeland Correctional Institution,<br><br>               Respondent. | )<br>)<br>)<br>)   Civil Action No. 0:24-cv-01322-TMC<br>)<br>)   **ORDER**<br>)<br>)<br>)<br>)<br>) |

      Plaintiff Johnny I. McClain, III, a state prisoner proceeding *pro se*, filed this action seeking relief pursuant to 28 U.S.C. § 2254. (ECF No. 12 (amended petition)).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings.  Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 22), recommending that Petitioner's § 2254 petition be dismissed without prejudice and without requiring respondent to file a return. The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 23).  Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report.  Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 22 at 5), but failed to do so, and time has now expired.

      The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 22), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report,

this action is hereby **DISMISSED without prejudice and without requiring Respondent to file a return.**

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 17, 2025